**Kenneth P. Dobson, OSB No. 002435**
landlaw.oregon@gmail.com
Attorney at Law
0324 Abernethy Street
Portland, OR 97239
(971) 717-6582

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN LUND,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and JOHN DOES 1 -15.<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT (Federal Torts Claims Act; Inverse Condemnation;** *Bevins* **Claims)**<br><br>**JURY TRIAL REQUESTED** |

**Introduction**

1.

Plaintiff John Lund ("Plaintiff") brings this action against the United States of America for tortious conduct, unlawful taking of property, and deprivations of civil rights committed by the Bonneville Power Administration ("BPA") and its agents against Plaintiff and his property. As discussed herein, BPA and its agents and contractors have repeatedly and without lawful authority or just compensation used and trespassed upon Plaintiff's property, thereby depriving him of valuable property rights and causing him personal harm.

**Parties**

2.

Plaintiff is a retired US military veteran and owns and resides near a parcel of rural property located along Oregon Highway 6 at Lees Camp, in Tillamook County, Oregon ("Lund Property"). The portions of the Lund Property at issue in this action are depicted on the map attached hereto as Exhibit 1 and the description of property is incorporated herein by reference.

1 - COMPLAINT

3.

BPA is a federal agency created by the Bonneville Power Act of 1937 for the purpose of administrating and distributing and marketing power from federally owned hydroelectric dams in the Pacific Northwest.  BPA owns and maintains a series of power transmission lines running in close proximity to the Lund Property.

4.

John Does 1 -15 are unknown individual agents of BPA acting under the color of federal authority who were personally involved in the tortious conduct and deprivations of Plaintiff's constitutional rights described herein.

**Jurisdiction and Venue**

5.

This Court has jurisdiction over the Federal Torts Claim Act claims pursuant to 28 U.S.C. § 1346.

6.

This Court has jurisdiction over the *Bivens* and inverse condemnation claims under 28 U.S.C. § 1331 because they are "civil actions arising under the Constitution . . ."

7.

The actions giving rise to this complaint took place in Tillamook County, Oregon which is in this District and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).  Venue is also proper on the inverse condemnation claim under 28 U.S.C. § 1346(a)(2) because the amount of the taking is no more than $10,000.

**First Claim for Relief**

(Federal Torts Claims Act)

8.

Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 – 7 above.

///

///

9.

The Lund Property contains a private road that links Oregon State Highway 6 to an area used by a company owned by Plaintiff's family for the operation of private vacation cabins. That area is near an easement owned and maintained by BPA for power transmission lines.

10.

In times past, BPA and its contractors used the private road to access its power transmission lines with Plaintiff's permission. In August 2014, Plaintiff formally revoked permission for BPA and its contractors to continue using the private road to access its power lines.

11.

Despite the fact that Plaintiff had revoked its permission to continue using his road and property, BPA and its contractors, in apparent furtherance of federal statutory, regulatory, and policy directives, repeatedly continued to enter the Lund Property and drive over it with trucks and heavy equipment to access the power lines.

12.

By repeatedly entering and using the Lund Property without his permission, BPA violated Plaintiff's right of exclusive possession of the Property.

13.

As a direct result of BPA's repeated trespasses, Plaintiff has been deprived of valuable property rights and has suffered increased maintenance costs and wear and tear on the property, stress, annoyance, inconvenience, indignation, and worry.

14.

On May 9, 2019, Plaintiff provided BPA with a notice in accordance with 28 U.S.C. § 2675 of his tort claims against Defendants arising for their trespasses upon the Lund Property. Aside from acknowledging receipt of the tort claims notice, BPA failed to make a final disposition of the claim and otherwise offered no other response.

///

///

///

3 - COMPLAINT

15.

Plaintiff is entitled to money judgment against the United States of America for his economic and non-economic damages caused by its trespasses in an amount to be proven at trial, along with an award of interest and costs and disbursements incurred herein.

**Second Claim for Relief**

(Inverse Condemnation)

16.

Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 – 11 above.

17.

By repeatedly entering and using the Lund Property for public purposes without permission of Plaintiff, BPA has unilaterally created an easement for itself and has taken the Lund Property without providing Plaintiff just compensation as required by the Fifth Amendment of the United States Constitution.

18.

Plaintiff is entitled to an award of just compensation against the United States of America for the taking of the Lund Property in an amount of up to $10,000, along with an award of interest and costs and disbursements herein, including reasonable attorney and expert witness fees as provided by 28 U.S.C. § 2412(d).

**Third Claim for Relief**

(*Bivens* Claims)

16.

Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 – 13 above.

17.

At all times relevant herein, Plaintiff enjoyed the right against deprivation of his property rights without due process under the Fourteenth Amendment of the United States Constitution, the right against warrantless entries under the Fourth Amendment, and the right against the taking of private property without just compensation under the Fifth Amendment.

4 - COMPLAINT

18.

Acting under the color of their federal authority, John Does 1 - 15 deprived Plaintiff of his constitutionally protected rights by repeatedly invading his property, depriving him of valuable economic rights, disturbing his personal sense of security, and causing him annoyance, inconvenience, stress, and worry.

19.

Plaintiff lacks a statutory cause of action against John Does 1 - 15 or any available statutory cause of action does not provide a meaningful remedy.

20.

Pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff is entitled to money damages against John Does 1 – 15 for his economic and non-economic damages incurred as a result of the deprivations of his constitutionally protected rights, along with an award of interest and his costs and disbursements incurred herein.

21.

On information and belief, John Does 1 - 15 and other agents of the United States will continue to enter upon the Lund Property and deprive Plaintiff of his constitutionally protected rights absent action by this Court.   Plaintiff is entitled to an injunction barring John Does 1 – 15 or any other agent of the United States from entering the Lund Property.

WHEREFORE, Plaintiff prays for relief as follows:

a. Money judgment against Defendants in an amount to be proven at trial;
b. Just compensation in an amount up to $10,000 for the taking of the Lund Property;
c. An award of costs and disbursements incurred herein, including reasonable attorney and expert witness fees as provided by 28 U.S.C. § 2412(d).
d. An award of interest on all amounts awarded.
e. An injunction barring John Does 1 - 15 and other agents of the United States from entering onto the Lund Property.
f. All other relief this Court finds just and reasonable under the circumstances.

DATED:  December 11, 2019

*/s/ Kenneth P. Dobson*
Kenneth P. Dobson, OSB No. 002435
*Of Attorneys for Plaintiff*

5 - COMPLAINT

Exhibit 1



6 - COMPLAINT