IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOHN LUND,                                                          No. 3:19-cv-02015-AC

           Plaintiff,                                           ORDER

   v.

UNITED STATES OF AMERICA and
JOHN DOES 1-15,

           Defendants.


HERNÁNDEZ, District Judge:

    Magistrate Judge Acosta issued a Findings and Recommendation on February 15, 2021, in which he recommends that this Court grant Defendants' Motion to Dismiss and give Plaintiff leave to amend his complaint under the Quiet Title Act. F&R, ECF 26. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

Plaintiff and Defendants filed timely objections to the Magistrate Judge's Findings & Recommendation. Pl. Obj., ECF 29; Defs. Obj., ECF 30. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court adopts in part Judge Acosta's Findings & Recommendation. The Court agrees with Judge Acosta that Plaintiff's *Bivens* and FTCA claims are preempted by the Quiet Title Act, and Plaintiff should be granted leave to amend to state a claim under the Quiet Title Act.

However, the Court declines to adopt the findings that: (1) Plaintiff's claim is not time-barred and (2) the Court does not have jurisdiction over Plaintiff's Little Tucker Act claim. As to the first finding, the Court cannot determine at this stage in the proceedings whether or not Plaintiff's Quiet Title Act claim is time-barred. When Plaintiff "or his predecessor in interest knew or should have known of the claim of the United States" may hinge on the merits of the case. *See* 28 U.S.C. § 2409a(g); *Michel v. United States*, 65 F.3d 130, 132 (9th Cir. 1995) ("If a claimant asserts fee title to disputed property, notice of a government claim that creates even a cloud on that title may be sufficient to trigger the limitations period.").[1]

---

[1] Defendants also argue in their objections that Plaintiff's Quiet Title Act claim fails on the merits. As this issue was not squarely presented to the magistrate judge, the Court declines to address it now. *See Brown v. Roe*, 279 F.3d 742, 745–46 (9th Cir. 2002) (rejecting the Fourth Circuit's holding that a district court must consider new arguments raised for the first time in an objection to a magistrate judge's F&R); *United States v. Howell,* 231 F.3d 615, 622 (9th Cir. 2000) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." (citation omitted)).

2 - ORDER

As to the second finding, Plaintiff's claim under the Little Tucker Act may be reasonably construed as an alternative theory of relief. *See Schema v. United States Dep't of Agric.*, No. 2:14-CV-0630 MCE CKD, 2014 WL 4377918, at *2 (E.D. Cal. Sept. 4, 2014) ("Defendants have not cited any authority for the proposition that a Plaintiff may not simultaneously pursue both Tucker Act and Quiet Title Act claims in this instance at this stage in the proceeding. Therefore, the Court finds that, although inartfully pled, Plaintiff's Complaint contains causes of action under the Tucker Act and under the [Quiet Title Act]."). While Plaintiff's Quiet Title Act claim is premised on Plaintiff's claim of exclusive ownership, Plaintiff alleges in his inverse condemnation claim that Defendants "unilaterally created an easement" in his property. Compl. ¶ 17. Accordingly, the Court declines to dismiss Plaintiff's Little Tucker Act claim at this stage in the proceedings.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Acosta's Findings & Recommendation [26]. Therefore, Defendants' Motion to Dismiss [7] is GRANTED in part and DENIED in part, and Plaintiff's *Bivens* and FTCA claims are dismissed. Plaintiff may file an amended complaint within 14 days of this Order.

IT IS SO ORDERED.

DATED: \_\_\_\_\_June 9, 2021\_\_\_\_\_.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 - ORDER